Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000011
15-MAR-2016
08:28 AM

NO. CAAP-16-0000011

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

RAEVYN WAIKIKI,
Plaintiff/Counterclaim-Defendant/Appellee,
v.
HO'OMAKA VILLAGE, ASSOCIATION OF APARTMENT OWNERS,
Defendant/Cross-Claim Plaintiff/Appellee,
and
VIOLET JHUN, Defendant/Cross-Claim Defendant/
Counterclaim-Plaintiff/Third-Party Plaintiff/Appellant,
and
WADE KIOSHI KALEOLANI SHIMOJO,
Third-Party Defendant/Appellee,
and
DOE DEFENDANTS 1-20, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 13-1-2391-09)

ORDER
(1) DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION;
AND
(2) ALL PENDING MOTIONS ARE DISMISSED AS MOOT
(By: Foley, Presiding Judge, Leonard and Ginoza, JJ.)

Upon review of the record, it appears that we lack

appellate jurisdiction over Defendant/Cross-Claim Defendant/

Counterclaim-Plaintiff/Third-Party Plaintiff/Appellant Violet

Jhun's (Appellant Jhun) appeal from (1) the Honorable Karl K.

Sakamoto's June 18, 2015 interlocutory order granting Third-Party

Defendant/Appellee Wade Kioshi Kaleolani Shimojo's (Appellee

Shimojo) motion for summary judgment and (2) the parties'

December 9, 2015 stipulation to dismiss all claims purportedly

pursuant to Rule 41(a)(1)(B) of the Hawai'i Rules of Civil Procedure (HRCP) because the circuit court has not reduced any of its dispositive rulings on substantive claims to a separate, appealable, final judgment, as Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2015) and HRCP Rule 58 require for an appeal from a civil circuit court case under the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

When a party attempts to assert an appeal from a civil circuit court case, HRS § 641-1(a) and HRCP Rule 58 require that such an "appeal may be taken from circuit court orders resolving claims against parties only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338 (emphasis added). "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008); Bailey v. DuVauchelle, 135 Hawai'i 482, 489, 353 P.3d 1024, 1031 (2015). Furthermore, "an appeal from any judgment will be dismissed as premature if the judgment does not, on its face, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." , 76 Hawai'i at 119, 869 P.2d at 1338. The Supreme Court of Hawai'i noted that

> [i]f we do not require a judgment that resolves on its face
> all of the issues in the case, the burden of searching the
> often voluminous circuit court record to verify assertions

> of jurisdiction is cast upon this court. Neither the
> parties nor counsel have a right to cast upon this court the
> burden of searching a voluminous record for evidence of
> finality, . . . and we should not make such searches
> necessary by allowing the parties the option of waiving the
> requirements of HRCP [Rule] 58.

Jenkins, 76 Hawaiʻi at 119, 869 P.2d at 1338 (original emphasis).
"An appeal from an order that is not reduced to a judgment in
favor or against the party by the time the record is filed in the
supreme court will be dismissed." Id. at 120, 869 P.2d at 1339
(footnote omitted).

On January 28, 2016, the circuit court clerk filed the
record on appeal for appellate court case number CAAP-16-0000011,
which does not contain an appealable final judgment. Therefore,
we lack appellate jurisdiction.

Although the June 18, 2015 interlocutory order
completely resolves an entire substantive claim, the Supreme
Court of Hawaiʻi has explained that, "based on Jenkins and HRCP
Rule 58, an order is not appealable, even if it resolves all
claims against the parties, until it has been reduced to a
separate judgment." Carlisle, 119 Hawaiʻi at 254, 195 P.3d at
1186; Bailey, 135 Hawaiʻi at 489, 353 P.3d at 1031.

In addition, with respect to the December 9, 2015
stipulation to dismiss all claims, we note that the parties have
failed to comply with the requirements of HRCP Rule 41(a)(1)(B)
for a stipulation to dismiss. HRCP Rule 41(a)(1)(B) provides
that a stipulation to dismiss must be "signed by all parties who
have appeared in the action":

> Rule 41. Dismissal of actions.
>     (a) Voluntary dismissal: Effect thereof.
>         (1) By plaintiff; by stipulation. An action may
> be dismissed by the plaintiff without order of court (A) by

-3-

filing a notice of dismissal at any time before the return date as provided in Rule 12(a) or service by the adverse party of an answer or of a motion for summary judgment, or (B) by filing a stipulation of dismissal signed by all parties who have appeared in the action, in the manner and form prescribed by Rule 41.1 of these rules. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States, or of any state, territory or insular possession of the United States an action based on or including the same claim.

(Emphases added). In the instant case, Appellee Shimojo did not sign the December 9, 2015 stipulation to dismiss, despite that Appellee Shimojo appeared in this case. Therefore, the December 9, 2015 stipulation to dismiss does not appear to satisfy the requirements under HRCP Rule 41(a)(1)(B).

Absent an appealable final judgment, we lack appellate jurisdiction.

Therefore, IT IS HEREBY ORDERED AND DECREED that appellate court case number CAAP-16-0000011 is dismissed.

IT IS FURTHER ORDERED that all pending motions are dismissed as moot.

DATED: Honolulu, Hawai'i, March 15, 2016.

Presiding Judge

Associate Judge

Associate Judge

-4-